IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| WILLIAM DONOVAN and § | |
| SHARON DONOVAN § | |
| § | |
| V. § | MISCELLANEOUS NO. G-10-mc-7009 |
| § | (Lead Case No. G-10-cv-450) |
| FIDELITY NATIONAL PROPERTY § | |
| AND CASUALTY COMPANY § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter is before the Court with the consent of the Parties pursuant to 28 U.S.C. §636(b)(1)(c). Having considered and reviewed the evidence in a trial on March 25, 2013, the Court now issues the following Findings of Fact and Conclusions of Law.

1. Plaintiffs, Dr. William Donovan and his wife Sharon, are the owners of a post-FIRM elevated beach house at 3618 Port Trinidad, Galveston, in Galveston County, Texas, which they had constructed in 1977.

2. At all times relevant to this case, the Donovans' beach house was insured under a Standard Flood Insurance Policy (SFIP) issued by Defendant, Fidelity National Property and Casualty Insurance Company, a WYO carrier under the National Flood Insurance Program. The SFIP provided coverage in the amounts of $250,000.00 for the building and $69,900.00 for contents.

3. In early September 2008, Donovans' beach house was significantly damaged by flooding caused during Hurricane Ike.

4. The Donovans notified Fidelity of their claim and an adjuster from Fountain Group Adjusters, Inc., George Bennett, inspected the property on October 1, 2008. Bennett estimated the recoverable building loss to be $39,766.88 and the recoverable contents loss to be $1,200.00. On November19, 2008, the Donovans signed a Proof of Loss for the net claim amount of $38,766.88. The Proof of Loss was submitted to Fidelity and Fidelity paid the claim on January 14, 2009.

5. Dissatisfied with Fidelity's payment, William Donovan signed a sworn Proof of Loss, dated July 23, 2009, claiming a net amount due of $318,900.00, the policy limits, which included the sums of $250,000.00 for the beach house structure and $69,900.00 for contents. Apparently, the Donovans sent the Proof of Loss to their attorney, Samuel Bearman, who then sent it to Fidelity. Included with the Proof of Loss was a Flood Repair Estimate prepared by Halley Lovato of Top Construction, Inc., which set the repair/replacement costs to the Donovans' beach home at only $163,575.00. At trial, William Donovan testified that the second Proof of Loss was signed at the request of their attorney and that it intentionally overstated the contents damage by more than $68,000.00 to "cover" potential inadequate building payments. Obviously, the Proof of Loss overstated Lovato's expert opinion as to the building loss by more than $85,000.00.

6. On October 19, 2009, Fidelity sent a letter to Bearman acknowledging receipt of "*your* Proof of Loss in the amount of $258,00.00" and explaining why Fidelity was denying any further payments. Since the letter specifically referred to the "enclosed" estimate,

the Court assumes without finding, that Bearman, acting as counsel for the Donovans, submitted both the Proof and Loss and Lovato's estimate to Fidelity. Regardless, the Donovans are bound by the acts of their attorney. Callip v. Harris County Child Welfare Dept., 757 F.2d 1513, 1522 (5th Cir. 1985) (citing Link v. Wabash R. Co., 370 U.S. 626, 633 (1962)

7. On April 27, 2011, the Donovans through current counsel, Martin Mayo, sued Fidelity for breach of contract.

8. Ultimately, the Donovans had the flood damage to their beach house repaired for a total cost of $66,754.56, including overhead and profit. The contractor for the repairs, Andrew MacLeod, testified that "some things" were missing from his repair calculations, but the Court finds that whatever those "things" were, they clearly would not total in excess of $80,000.00, the remainder of the Donovans sworn claimed amount.

9. The Standard Flood Insurance Policy contains numerous mandatory provisions addressing a Proof of Loss. Among others, the Proof of Loss must state the amount the insured is claiming under the policy and be sworn to by the insured. In completing the Proof of Loss, the insured is required to "use your own judgment concerning the amount of loss and justify that amount" and must not misrepresent any material facts or include false statements. See SFIP §§ VII. J.5 and VII.B.1.

10. While this Court would be inclined to take the more relaxed approach, urged by Plaintiff's counsel, to the sufficiency of documentation submitted in support of the

Proof of Loss and the need to pinpoint the expense of prospective repairs and replacement items to make the amount of the Proof of Loss "match" the documentation amount, Cf. Sunray Village Owners' Association v. Old Dominion Insurance Co., 546 F.Supp. 2d 1283 (N.D. Fla. 2008), as opposed to the more draconian approach favored by Fidelity, it cannot "turn a blind eye" to the Donovans' submission under oath, of a falsly inflated claim.  For whatever reason William Donovan signed the Proof of Loss, he testified that he knew it was excessive at the time he signed it.  It is clear to the Court that William Donovan, in violation of the policy, swore to false statements in the Proof of Loss; did not use his best judgment concerning the amount of his claim; and did not justify the policy limit amount of $318,900.00 he claimed was due.

11. It may be unrealistic to expect an insured to understand the potential pitfalls of the National Flood Insurance Program; however, as harsh as it may seem, federal law requires the Court to strictly construe and enforce the claims presentment rules of the SFIP. Gowland v. Aetna Casualty and Surety Co., 143 F.3d 951, 954 (5th Cir. 1998) The filing of a Proof of Loss sufficient to allow FEMA the opportunity to properly evaluate a claim is required.  Foreman v. Federal Emergency Management Agency, 138 F.3d 543, 545 (5th Cir. 1998)     William Donovan's sworn Proof of Loss did not comply with this requirement.  Ideally, FEMA would excuse the Donovans' actions and permit them to recover exactly the cost of restoring their beach house to its pre-hurricane condition, but under applicable federal law, only FEMA can waive non-compliance with the terms of the policy.  Gowland, 143 F.3d at 953 (No provision of

the SFIP can be waived without the express written consent of the Federal Insurance Administrator; 44 C.F.R. §§ 61.4(b), 61.13(d).)  For whatever reasons, FEMA will not forgive the Donovans, and this Court is powerless to make it do so.  Regretfully, on the facts of this case, the Donovans are not entitled to any additional insurance benefits under the policy.

## CONCLUSION

It is, therefore, **ORDERED** that the Amended Complaint of William and Sharon Donovan, is **DISMISSED**.

**DONE** at Galveston, Texas, this ____7th____ day of January, 2014.

_____
John R. Froeschner
United States Magistrate Judge